CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 09, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL AARON BURRELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00039 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| ISRAEL HAMILTON, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Joel Aaron Burrell, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Burrell alleges claims for First Amendment retaliation and denial of access to the law library. (Compl., Dkt. No. 1.) Before the court is defendants' motion to dismiss. (Dkt. No. 32.) Burrell filed a response to this motion. (Dkt. No. 39.) Burrell has also filed a motion for "leave to assert spoliation claim" (Dkt. No. 40) and motions for injunctive relief (Dkt. Nos. 41, 42, 43). Defendants filed a response to Burrell's motions for a preliminary injunction (Dkt. No. 44).

For the reasons stated below, defendants' motion to dismiss will be granted, and Burrell's motions will be denied.

I. BACKGROUND[1]

Burrell is incarcerated at Keen Mountain Correctional Center. Burrell has sued Israel Hamilton, H. Harr,[2] L. Fields, L. Meadows, and Shortridge.

[1] The following background is taken from the complaint, which is accepted as true for purposes of this opinion.

[2] Defendants explain that this individual is identified as both H. Harr and H. Hardin in the complaint. The court will use H. Harr for consistency.

In his first claim, Burrell alleges that Harr, the Institutional Ombudsman, retaliated against him for using the grievance procedure. (Compl. 2.) Warden Hamilton issued an Inmate Grievance Process Limitation on September 3, 2024, due to "verbal meetings with H. Harr about not using the Grievance Hotline Call, if I didn't receive Grievance Receipts or needed Emergency Grievances, Written Complaints, or Regular Grievances but use a Facility Request." (*Id.* at 3.) This was in response to Burrell not receiving responses to Facility Requests. On September 17, 2024, Burrell wrote a letter to R. Perry, Manager of the Ombudsman Unit, to restore his grievance privileges. Burrell had been limited to one Regular Grievance per week, but he had several grievances with a next action date of September 14, 2024. Burrell characterizes this as "an intentional act to thwart the grievance process." (*Id.*)

Burrell also alleges retaliation for not mailing an appellant brief to "Centurion". Centurion mailed a letter to plaintiff dated July 16, 2024, informing Burrell that they had not received briefs mailed on May 22 and July 8, 2024. This was to "conceal that I was wrongfully convicted for the criminal offenses" in a Hampton Circuit Court case. Burrell alleges that the "Mailroom" committed this retaliation in violation of the First Amendment. (*Id.* at 3.)

In addition, Burrell alleges First Amendment retaliation against Meadows and Counselor Shortridge for not allowing him to access USB flash drives mailed to him by the Georgetown Law Center. Burrell wrote a Written Complaint on July 5, 2024, about not accessing data stored in CD/DVD format. The response from Meadows stated that inmates are prohibited from the law library and their computers are not compatible with CD/DVD. The response suggested another format, such as a flash drive. (*Id.* at 4.) Burrell has been unable to access the information in any format. (*Id.* at 4–5.)

In another claim, Burrell alleges that Harr responded to a Regular Grievance about seeing an institutional attorney, stating that Burrell is listed as being scheduled for an appointment, but Burrell has not received an appointment. (*Id.* at 5.)

Burrell also alleges that Fields, the Chief of Housing, retaliated against him by refusing to grant interim review after completion of an educational housing program. Burrell cites OP 830.1, Institutional Classification Management, to argue that Fields did not follow the proper procedure. (*Id.* at 5–6.)

Next, Burrell claims that he is restricted from the law library and accessing valuable information in civil and criminal matters via electronic storage devices such as CD/DVD that caused unfavorable rulings against him in state and federal court. (*Id.* at 2, 6.)

Finally, Burrell alleges that Harr did not process a Regular Grievance requesting HSV-1 testing after having a blister on his lip. Harr also did not process a grievance stating that the Warden knew about staff being "monopolized by third parties and law enforcement to tamper with mail (legal/personal); terminate me from my job (without justification); to have counselors deliberately delay copies/notaries service to Plaintiff won't meet court deadlines; and this is for retaliation of utilizing grievance process and studying law, coupled with racism and sexism." (*Id.* at 6–7.)

Burrell requests compensatory damages, punitive damages, an order prohibiting legal mail tampering, and an order that plaintiff be allowed to view legal documents stored on USB flash drive. (*Id.* at 7–8.)

## II. ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 171 (2023). Furthermore, to establish liability

under § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of his rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).

**B. Retaliation Claims**

An inmate has a First Amendment right to be free from retaliation by prison officials for filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). "[A] First Amendment retaliation claim under § 1983 consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity, (2) the defendant took an action that adversely affected that protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct." *Id.* at 537. "In the prison context, we treat such claims with skepticism because every act of discipline is by definition retaliatory in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

Burrell contends that the grievance limitation violates his rights under the First Amendment. VDOC procedures allow limitations on filing grievances for abuse of process. *See* OP 866.1, Inmate Grievance Procedure, Section VI. Burrell provides no allegations to suggest that he did not meet the standard for abuse of process, such as excessive filings or misuse of procedures. Burrell also does not suggest that the limitation was imposed because of the grievances he pursued. Instead, Burrell describes how the limitation was imposed "mainly because of [plaintiff's] verbal meetings with H. Harr about not using the Grievance Hotline Call, if [he] didn't receive Grievance Receipts or needed Emergency Grievances, Written Complaints, or Regular Grievances but use a Facility Request." (Compl. 3.) Thus, Burrell has not alleged a causal relationship between his protected activity and the defendant's conduct. *See Riddick v. Kiser*, CASE NO. 7:20CV00096, 2021 WL 4453667, at *5 (W.D. Va. Sept. 29, 2021) (finding

that a prisoner failed to state a retaliation claim without "evidence that his grievance history did not meet either of these circumstantial justifications for the grievance limitation. Nor does Riddick allege facts which, taken as true, would establish that Kiser and his cohorts imposed the limitation because of the particular grievances he raised"). Burrell also cannot satisfy the second element, an adverse impact on his protected activity. *See id.* ("Courts have found that placing an inmate on grievance restriction is not the type of action that would deter a prisoner of ordinary firmness from engaging in constitutionally protected activity and, as such, fails to constitute an adverse action.") (collecting cases).

Burrell also alleges retaliation due to not being allowed access to a USB flash drive. There is no First Amendment right to access the contents of a flash drive in prison. Moreover, Burrell also fails to allege any adverse effect on activity protected by the First Amendment, or a relationship between the protected activity and the refusal to allow access to the drive.

Finally, Burrell alleges retaliation due to not receiving a review for change in housing status. This claim does not satisfy any of the elements of a retaliation claim. To the extent that Burrell complains about a failure to follow VDOC procedures, such violations do not state a § 1983 claim. *Riddick*, 2021 WL 4453667, at *5 (citing *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)). Burrell's claims that Harr did not process grievances requesting HSV-1 testing and other issues does not plausibly allege any connection between the failure to process and Burrell's protected activity. Plaintiff has also alleged retaliation for not mailing an appellate brief by the "mailroom." Such a claim must fail because it does not allege the personal involvement of any of the defendants named in this case.

The court notes that Burrell includes additional factual context for his claims in his response to the motion to dismiss, including by attaching several exhibits to his response. (Dkt.

No. 39, 39-1.) A complaint cannot be amended by a brief in opposition to a motion to dismiss. *See Couch v. City of Va. Beach*, 768 F. Supp. 3d 741, 748 n.7 (E.D. Va. 2025). Burrell will be granted leave to file an amended complaint.

For these reasons, the court will dismiss Burrell's retaliation claims.

**C. Access to Court Claims**

State prisoners have a "constitutionally protected right of access to the courts that is rooted in the Petition Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment." *Johnson v. Roberts*, Case No. 7:26-cv-00238, 2026 WL 1747970, at *2 (W.D. Va. June 17, 2026) (citing *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019)). To state such a claim, a plaintiff must plead facts showing that he suffered an "actual injury" as a result of an official's conduct. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). In particular, the plaintiff must demonstrate that he was "frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010). In other words, plaintiff "must identify a nonfrivolous, arguable underlying claim" and the predicate claim must be "described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Plaintiff alleges, in conclusory fashion, that his access to the law library and other legal resources was restricted, causing unfavorable rulings in two legal matters. Burrell does not describe any of the claims he pursued, such that the court could ascertain if they are nonfrivolous and arguable. Thus, the court will dismiss the access to court claims.

**D. Motions for Transfer**

Burrell has filed three motions requesting an order to transfer him to a different facility. (Dkt. Nos. 41–43.) Motions for a transfer by a prisoner are considered motions for injunctive relief. *Fogel v. Hall*, Civil Action No. 7:24-cv-00355, 2025 WL 1316498, at *1 (W.D. Va. May 6, 2025). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

As an initial matter, plaintiff has not established that he is likely to succeed on the merits of his claims in this lawsuit. More glaringly, plaintiff's requests for a transfer are not related to the allegations in his lawsuit. Plaintiff is not entitled to injunctive relief that is unrelated to the claims in his lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny Burrell's requests for injunctive relief.

**E. Motion for Leave to Assert Spoliation Claim**

Burrell filed a motion for leave to assert a spoliation claim and that it "relate back" to the date of the original complaint. (Dkt. No. 40.) Burrell appears to be requesting leave to file an amended complaint, but the court is unclear about the contents of such a claim. The court will deny this motion but grant leave to file an amended complaint in the order of dismissal.

III. CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss and denying plaintiff's motions.

Entered: September 9, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge